**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Great American Insurance Company, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:14-CV-669 |
| | ) |
| vs. | ) |
| | ) |
| L&S Trucking Company, Inc., | ) |
| et al., | ) |
| | ) |
| Defendant. | ) |

O R D E R

This matter is before the Court on the motion to dismiss filed by Defendants L&S Trucking Company, Inc. and John and Robin Walbert. Doc. No. 55. For the reasons that follow, Defendants' motion to dismiss on the grounds of lack of jurisdiction over the person is well-taken and is **GRANTED.**  The complaint as to these Defendants is **DISMISSED WITHOUT PREJUDICE.**

The facts indicated in the complaint show that in October 2013, Plaintiff Great American Insurance Company ("Great American") issued a motor carrier broker bond for Defendant L&S Trucking Company, Inc. ("L&S") in the penal sum of $75,000. L&S and Defendants Walbert Trucking, Inc. ("Walbert Trucking"), John Walbert, and Robin Walbert (collectively "the Walberts") entered into agreements to indemnify Great American in the event it incurred any losses, costs, or expenses in connection with executing the bond. The complaint alleges that Great American has received claims against the bond from motor carriers in excess of the penal sum of the bond. The complaint alleges further that L&S, Walbert Trucking, and the Walberts have refused to honor their obligations under the indemnity agreements.

Great American's complaint, therefore, has two aspects to it.  First, Great American has an interpleader claim to resolve the various motor carriers' claims against the bond.  The complaint names eighteen interpleader defendants and three more interpleader defendants were added to the case via motions to intervene.  The interpleader defendants are scattered throughout the United States, but none is located or resides in Ohio.  Second, Great American asserts claims against L&S, Walbert Trucking, and the Walberts for indemnity and specific performance of their obligations under the indemnity agreements.  L&S, Walbert Trucking, and the Walberts all reside in Glasgow, Kentucky, which is located in the Western District of Kentucky.  The case as to Walbert Trucking, however, is stayed due to its Chapter 11 bankruptcy filing.

L&S and the Walberts have filed a motion to dismiss the complaint on the grounds of lack of subject matter jurisdiction, lack of jurisdiction over the person, and improper venue.  Doc. No. 55.  As the plaintiff, Great American bears the burden of proving that the Defendants are subject to personal jurisdiction in Ohio.  Air Products & Controls, Inc. v. Safetech Int'l, Inc., 503 F.3d 544, 549 (6th Cir. 2007).  Upon reviewing the complaint, the motion to dismiss and the related briefs, the Court is persuaded that it lacks personal jurisdiction over these Defendants.

The Court first notes that Great American has made no showing at all that the Defendants are subject to general jurisdiction in Ohio, that is, that their contacts are continuous and systematic such that "that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state."  Third Nat'l Bank in Nashville v. WEDGE Group Inc., 882 F.2d 1087, 1089 (6th Cir. 1989).

Accordingly, the Court must decide whether specific personal jurisdiction over the Defendants exists.

In a specific jurisdiction case, "a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." Id. Assuming the Defendants are subject to Ohio's long-arm personal jurisdiction statute, the Court must determine whether exercising personal jurisdiction over the Defendants comports with the Due Process Clause. In Bird v. Parsons, 289 F.3d 865 (6th Cir. 2002), the Sixth Circuit set forth the requirements for the proper assertion of specific personal jurisdiction by the trial court:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Id. at 874 (citing Southern Mach. Co. v. Mohasco Ind., Inc., 401 F.2d 374, 381 (6th Cir. 1968)).  Great American must establish all three parts of the Mohasco test for the Court to assert personal jurisdiction over the Defendants.  Id.; Bridgeport Music, Inc. v. Still N The Water Publ'g, 327 F.3d 472, 477 (6th Cir. 2003).  Because the Court is deciding the issue of personal jurisdiction without discovery or an evidentiary hearing, Great American only needs to make a prima facie showing that the Court has jurisdiction over the Defendants. Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., 91 F.3d 790, 792 (6th Cir. 1996). Additionally, the Court must construe the pleadings in the light most favorable to Great American. Id. at 793.

Great American's case for personal jurisdiction fails on the first <u>Mohasco</u> element, because, even viewing the record in its favor, it has not made a prima facie showing that the Defendants purposefully availed themselves of the privilege of acting in Ohio. The Court cannot assert personal jurisdiction over the Defendants merely because they entered into indemnity agreements with Great American. <u>CompuServe, Inc. v. Patterson</u>, 89 F.3d 1257, 1265 (6th Cir. 1996). By entering into the indemnity agreements, the Defendants arguably created a continuing obligation with an Ohio resident - one fact that supports finding personal jurisdiction - but there is no admissible evidence as to which party initiated the contact leading to the formation of the agreements and no admissible evidence on the course of the parties' negotiations and/or course of dealing such that the Court can conclude that they purposefully established contact with Ohio. <u>See</u> <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 477 (1985). In other words, evidence (or even inferences that can reasonably be made from the complaint's factual allegations) as to the quality of the Defendants' contacts with Ohio is completely lacking. <u>See</u> <u>Calphalon Corp. v. Rowlette</u>, 228 F.3d 718, 722 (6th Cir. 2000) (in assessing the "purposeful availment" requirement, "the quality rather than the quantity of the contacts is the proper subject of review"). The indemnity agreements do not even contain a choice-of-law clause. A choice-of-law clause, if present, would support finding personal jurisdiction. <u>LAK, Inc. v. Deer Creek Enter.</u>, 885 F.2d 1293, 1295 (6th Cir. 1989). In short, this record does not support a prima facie showing that the Defendants are subject to personal jurisdiction in Ohio.

<u>Conclusion</u>

In summary, Great American has failed to make a prima facie showing that Defendants L&S Trucking Company, Inc. and John and Robin Walbert are subject to

4

personal jurisdiction in Ohio.  Accordingly, their motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure is well-taken and is **GRANTED.**  The complaint as to Defendants L&S Trucking Company, Inc. and John and Robin Walbert is **DISMISSED WITHOUT PREJUDICE.**

    **IT IS SO ORDERED**

Date March 30, 2015                      s/Sandra S. Beckwith
                                               Sandra S. Beckwith
                                Senior United States District Judge