# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

GREAT AMERICAN INSURANCE
COMPANY,

       Plaintiff,

       vs

L&S TRUCKING COMPANY, INC. *et al.,*

       Defendants.

Case No. 1:14-cv-669

Beckwith, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This action was filed on August 20, 2014. On November 25, 2014, Defendant Northland Trucking, Inc. filed its Answer to the Complaint. (Doc. 39). A review of the Answer reflects that it was filed by a Mr. Dan Anderson, on behalf of the corporate Defendant.  Mr. Anderson does not represent himself to be an attorney.

Thereafter, on January 29, 2015, Defendant Northland Trucking, Inc. was ordered to secure counsel to represent it in this case within 30 days and to have counsel enter an appearance on behalf of Defendant Northland Trucking within that time. (Doc. 56). The Court further ordered that the failure of Defendant Northland to secure counsel within the allotted time could result in a entry of default and default judgment against it. Defendant did not respond to the Show Cause Order, nor does the record reflect that it retained counsel. Accordingly, for the reasons that follow, the undersigned herein recommends that the Clerk enter default against Northland Trucking, Inc.

It is well settled that a corporation cannot appear in federal court except through an attorney. *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984).

Furthermore, it is insufficient that the person attempting to represent the corporation is an officer of the corporation. *Reich v. Pierce*, 45 F.3d 431, 1194 WL 709292, at *4, n.1 (6th Cir. Dec. 20, 1994) (citing *Ginger v. Cohen*, 426 F.2d 1385, 1386 (6th Cir. 1970)); *accord Kinder Capital, Inc. v. Unity Community*, 85 F.3d 629, 1996 WL 229819, at *1 (6th Cir. May 6, 1996)). Thus, Mr. Anderson cannot represent the defendant corporation in this case.

The procedure governing the entry of default and default judgment is provided by Fed. R. Civ. P. 55, which states in pertinent part:

> (a) Entering a Default**.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment. (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person. (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.

Fed. R. Civ. P. 55(a), (b).

The sequence of procedural steps required of one seeking judgment by default begins with the entry of a default by the clerk upon the plaintiff's request. *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 844 (6th Cir. 1983) (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)). "Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the entry set aside. If that motion is not

made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk." *United Coin Meter Co.,* 705 F.2d at 844. Additionally, under Fed. R. Civ. P. 55(c), a court may set aside a default judgment in accordance with Fed. R. Civ. P. 60(b). *Id.*

As noted above, a corporation cannot appear in federal court except through an attorney. *Doherty v. American Motors Corp.*, 728 F.2d at 340. Thus, the undersigned finds that defendant has not satisfactorily responded to the pending Show Cause Order, and entry of default is therefore appropriate pursuant to Rule 55 of the Federal Rules of (S.D.N.Y. 2004) (citing *S.E.C. v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir.1975) (holding that a corporation cannot appear except through an attorney and "where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it")).

Accordingly, it is therefore **RECOMMENDED** that the Clerk be **DIRECTED** to file an Entry of Default against Defendant Northland Trucking Inc.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

GREAT AMERICAN INSURANCE
COMPANY,

      Plaintiff,

      vs

L&S TRUCKING COMPANY, INC. *et al.,*

      Defendants.

Case No. 1:14-cv-669

Beckwith, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).